FORET, Judge.
Forrest Celestine instituted this suit against Warren Segura, U.S.F. & G. Co. (Segura’s insurer), and Commercial Union Assurance Company (plaintiff’s uninsured motorist insurer) seeking recovery for damages sustained arising out of an automobile accident which occurred on March 5, 1976. The accident occurred when plaintiff, who was standing next to his automobile which was parked in his driveway, was struck by Segura’s vehicle. Commercial Union Assurance filed a third party demand against Segura seeking recovery for any amount Commercial Union would be liable for as a result of a judgment exceeding the $10,000 policy limit of U.S.F. & G. Judgment was rendered in favor of plaintiff and against Segura and U.S.F. & G. in the amount of $12,326.37; and, in favor of plaintiff against Commercial Union in the amount of $943.81. Additionally, judgment was rendered in favor of Commercial Union and against Segura in the amount of $943.81. U.S.F. & G. has perfected a suspensive appeal from said judgment. Plaintiff and Segura have perfected devolutive appeals from said judgment. Commercial Union has answered plaintiff’s appeal seeking a reduction in the amount awarded. In addition, plaintiff has answered the appeal by U.S.F. & G. and Segura seeking an increase in the amount awarded.
The sole issue presented on this appeal is whether that part of the judgment awarding plaintiff $9,000 in pain and suffering for a six to eight-month period is excessive or inadequate.
As a result of the accident, plaintiff complained of pain in his lower back area, left shoulder, right hand, left leg, and head. Plaintiff spent eight days in the hospital under the care of Dr. Kinchen, the treating physician. Dr. Kinchen’s examination revealed abrasions of the left shoulder and upper back, abrasions of the right anterior and lateral thigh areas, and a tenderness in the leg and hip area. Dr. Kinchen prescribed analgesics and muscle relaxants as well as a lumbosacral support. His diagnosis revealed a contused right hip, probable sprain of the lower back and hip areas, and a contused and sprained left shoulder. Plaintiff returned to work on August 9, 1976. In addition to Dr. Kinchen, plaintiff had seen Drs. Meuleman, Ducote, Bienven-ue, and Schneider. The general consensus of these doctors is that plaintiff’s accident-related injuries are not serious and will eventually cure themselves.
Defendant argues strenuously that the compression fracture of a thoracic vertebra, diagnosed by Dr. Schneider about nine months after the accident, was not caused by the accident involved herein. Of course, Dr. Schneider could not say positively that the accident caused the compression fracture, but he did say that the fracture occurred at least three months prior to his examination. He did not expressly rule out the possibility that the compression fracture was causally connected with the accident.
Appellants contend that the trial court abused its much discretion in awarding plaintiff $9,000 for pain and suffering for a six to eight-month period. We disagree. There is a reasonable evidentiary basis for the trial court’s award, and we find no manifest error therein.
*248 The trial court judgment is affirmed. Costs of this appeal are assessed against U.S.F. & G.
AFFIRMED.